UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

UNITED STATES OF AMERICA

                                                18-cr-434-01 (JGK)

         - against -

                                                MEMORANDUM OPINION
LENIN GUZMAN-HIDALGO,                        AND ORDER

                           Defendant.
─────────────────────────────────────────

JOHN G. KOELTL, District Judge:

    On July 30, 2019, the defendant, Lenin Guzman-Hidalgo
pleaded guilty to one count of theft of Government funds in
violation of 18 U.S.C. § 641 in that he participated in a scheme
to obtain stolen United States Treasury Department checks and
have them deposited in various bank accounts. On January 17,
2020, the Court sentenced the defendant principally to 22 months
imprisonment, a substantial downward variance from the Guideline
Sentencing Range of 30 to 37 months imprisonment. The Court also
ordered the defendant to pay restitution in excess of
$935,000 in view of the amount of the loss to the Government for
which the defendant was partially responsible. Because the
defendant is not a citizen of the United States, he may be
removed from the United States. The defendant began serving his
sentence of imprisonment on about March 13, 2020 at the
Metropolitan Correctional Center ("MCC").

    The defendant now moves for release from imprisonment
pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on his alleged

medical condition and the conditions of confinement at the MCC.
However, the defendant has failed to show that compassionate
release should be granted in his case. See generally United
States v. Hidalgo, No. 13-CR-413-2, 2020 WL 2642133 (S.D.N.Y.
May 26, 2020).

The defendant has satisfied the initial requirement of
exhaustion because he filed a request for compassionate release
on July 15, 2020, and the Bureau of Prisons denied his request
on July 24, 2020 with the explanation, "you are not eligible for
Compassionate Release consideration due to the nature of your
[offense]."

However, the defendant has failed to show any basis for
granting compassionate release. He has failed to show any
"extraordinary and compelling reason" to warrant compassionate
release. The Government has provided the defendant's medical
records from the Bureau of Prison, which do not reveal any
significant medical problems that would make the defendant more
susceptible to COVID-19 or the serious effects of COVID-19.
While the defendant had one upper respiratory infection in March
2020, it was resolved. In the Pre-Sentence Report, the
defendant, who is 32 years old, reported some knee discomfort
from a prior broken knee but "noted no other physical health
concerns and is not prescribed any prescription medication." The
generalized complaints about conditions at the MCC are

insufficient to rise to the level of an "extraordinary and compelling reason" to warrant compassionate release. See Hidalgo, 2020 WL 2642133, at *4-*5. For this reason alone, the application should be denied.

Moreover, the defendant has failed to show that the factors under 18 U.S.C. § 3553(a) support the defendant's immediate release. The defendant has only completed less than 5 months of his 22-month sentence, which constituted a substantial downward variance form the Guideline Sentencing Range. This Court carefully considered the relevant sentencing factors when it imposed the sentence less than seven months ago. The Court concluded at that time that the sentence was sufficient but no greater than necessary to comply with the sentencing factors in § 3553(a)(2). Nothing has happened in the interim to cause the Court to reassess that calculation. A substantial sentence was needed because of the gravity of the offense, the amount of the theft, and the need for deterrence. Those factors remain true today and would not be served by a sentence that was substantially less than half of the sentence that the Court originally imposed.

## CONCLUSION

The Court has considered all of the arguments raised. To the extent not specifically addressed above, the arguments are either moot or without merit. The defendant's application for a

reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)

is **denied.** Chambers will mail a copy of this Memorandum Opinion

and Order to the pro se defendant at the MCC.

**SO ORDERED.**

**Dated:**    **New York, New York**
            **August 12, 2020**        /s/ John G. Koeltl
                              **John G. Koeltl**
                        **United States District Judge**